[Crim. No. 1779. First Appellate District, Division Two.—April 20, 1934.]

THE PEOPLE, Respondent, v. LAWRENCE JOSEPH ROBERTS, Appellant.

Roy A. Rogers for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant which contained two counts. In the first count the defendant was charged with violation of section 285 of the Penal Code. In the second count he was charged with a violation of the Juvenile Court Law (2 Deering's Gen. Laws, Act 3966, p. 2075). The defendant pleaded not guilty to each count. After a trial before the court sitting with a jury, verdicts were returned finding the defendant guilty on each charge. The defendant made a motion for a new trial which was denied and he has appealed from the order denying his motion and from the judgment.

■ The defendant claims that the decision and judgment of the court are contrary to law. He relies on the contention that the testimony of the prosecutrix was incredible. We think it sufficient to remark that the testimony contained in the transcript is such it might well have been contended before the jury that the testimony of the prosecutrix was incredible. However a reading of the transcript présents a set of facts from which it is quite impossible for this court to say that her testimony was so incredible as to be entirely insufficient as a matter of law. The story told by her showed an involved state of facts. It showed acts covering a period of a year and a half, and that during that period of time the defendant and his family at various times occupied four different residences. In presenting the case, counsel for the People and counsel for the defendant at no time sought to develop the facts in chronological order. Both proceeded as though the case involved one act, one instant in time, and one particular room in one particular house. It is therefore quite clear that it is difficult for this court to say the testimony of the prosecutrix was incredible rather than that it is difficult to understand what was her contention as to the facts.

■ In this same connection we understand the defendant to contend that the complaint of the prosecutrix was not

made immediately, but was greatly delayed and therefore that the testimony thereof should not have been received. It is sufficient to state that no objection was made at the time the testimony was offered, nor was a motion made to strike it out.

The defendant complains because the evidence does not show the place where the alleged act was committed. He claims that the testimony on that subject is vague and general. Neither point has merit. Neither party was prevented from going into either subject, but neither party did so. No objection or ruling was made that in any way presents either point.

It is next contended that the evidence fails to show the commission of a crime. The most the defendant can claim under this head is that the evidence contained conflicts. Conceding that it did, this court may assume that the respective attorneys argued those conflicts to the jury. Disregarding the conflicts the prosecuting witness told a story that made a complete case if the jury believed it, and from the nature of its verdicts we may assume it did.

It is further contended that there is a variance between the information and the proof. The point has no foundation. Whatever objection may be made to the record there is no support for a claim of variance.

It is next asserted that there were errors in law occurring at the trial and excepted to by the defendant. None are specified. An examination of the record discloses no ruling against the defendant during the course of the trial. He does not specify any instruction which he claims to have been error. The point may not be sustained.

During the course of the trial the prosecution asked the sister of the prosecutrix whether her father had ever had intercourse with her. Before an objection was made she answered "Yes". When the objection was made it was promptly sustained, the answer was stricken out, and the jury was admonished not to consider such testimony in their deliberations. Under these circumstances we are not inclined to hold that the alleged misconduct was reversible error. (8 Cal. Jur., p. 618.)

The order and judgment are affirmed.

Nourse, P. J., and Spence, J., concurred.